## GROAT v. PHILLIPS.

*Covenant — in deed. Husband and wife. Parties.*

Action upon a covenant of seizin in a deed executed by defendant and wife. The covenant was in form by both, but the complaint alleged that the wife joined only to release her dower. *Held,* that a demurrer to the complaint on the ground of non-joinder of the wife as defendant, and that it did not state facts sufficient to constitute a cause of action was properly overruled.

APPEAL by defendant from an order at special term overruling a demurrer to the complaint.

The action was brought by Edwin Groat against Luke Phillips for a breach of covenant in several different deeds executed by the defendant and Jane Phillips, his wife. In all but one of the deeds his wife joined defendant in the covenant. The grounds of demurrer were (1) that there was a defect of parties defendant, and (2) that the facts stated in said alleged causes did not constitute a cause of action. Such further facts as may be material appear in the opinion.

*R. B. Fish,* for appellant, cited *Sigel v. Johns,* 58 Barb. 620; *Wemple v. Stewart,* 22 id. 154; *Kreitz v. Frost,* 5 Abb. (N. S.) 277; *Lanier v. Wyman,* 5 Robt. 147; *Mills v. Lewis,* 37 How. 418; S. C., 55 Barb. 179; *Garnar v. Bird,* 57 id. 277; *Westervelt v. Ackley,* 4 N. Y. Sup. 444, 447; *Hall v. Bartlett,* 9 Barb. 297.

*Z. S. Westbrook,* for respondent.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

BY THE COURT. This action was on a covenant of seizin in a deed of real estate. The deed was executed by husband and wife and the covenant was in form by both; probably through the carelessness of the conveyancer. The complaint was against the husband alone, alleging that the wife joined only to release her dower. The defendant demurred. The special term overruled the demurrer.

Properly the property was not the separate estate of the wife.

The covenant did not bind her personally. The allegations of the complaint were sufficient to negative any presumption, if there were any presumption, that this was a covenant as to the separate estate of the wife.

The order should be affirmed with costs. Defendant to be allowed to answer in twenty days after service of copy of this order on payment of the costs of the order overruling and of this appeal.

*Order affirmed.*